BERGEN COUNTY COURT OF COMMON PLEAS.

MICHAEL A. TIRAK, PETITIONER-APPELLEE, v. FORD
MOTOR COMPANY, RESPONDENT-APPELLANT.

Decided October 17, 1945.

For the petitioner-appellee, *Rothbard, Greenstone & Harris*
(*Herbert E. Greenstone*).

For the respondent-appellant, *McCarter, English & Egner*
(*Verling C. Enteman*).

DELMAR, C. P. J.   From a judgment of the Workmen's
Compensation Bureau in favor of the petitioner-appellee, the
respondent-appellant appealed to this court.

After an examination of the transcript of the record and
the briefs of counsel and their arguments, I have come to
the conclusion that the judgment should be rendered in favor
of the respondent-appellant.

The record shows that Michael A. Tirak suffered two com-
pensable accidents, one while in the employ of the Ford Motor

Company and another one after filing his petition for compensation while in the employ of J. Rich Steers Company. Both accidents resulted in injuries to his back in the same part of the sacro-iliac region. As the result of the first injury he lost no time from work, excepting a part of a day when he was receiving treatment from the company's doctor. He continued in the employ of the Ford Motor Company for three months doing lighter work than he was occustomed to doing, and was then discharged as a result of a general layoff. He then obtained employment with the Steer Company putting points on piles with an axe. He suffered occasional pain which did not prevent him from doing his work until about a month later when, while swinging an axe, he felt a crippling pain in his back which necessitated a layoff for four or five days and as a result of which he has since been unable to do heavy work.

As a result of the Ford Motor Company accident he was treated by Dr. Mockett, the company physician, who testified that his examination disclosed no objective findings and was entirely negative "except for a complaint of pain in the right lumbar region on right side bending." He was also treated by his own doctor, namely, Dr. Seyler, who did not testify. Other than the testimony of Mr. Tirak and Dr. Mockett, the record consists of the testimony of two experts for the petitioner and two for the respondent.

Admittedly the petitioner received an injury of a permanent nature for which he is entitled to be compensated, however, I think the weight of the testimony is to the effect that this injury occurred as the result of the accident suffered while in the employ of the Steer Company. I think that the law laid down in the case of *Silberman* v. *National Egg and Product Co.,* 131 *N. J. L.* 286; 35 *Atl. Rep.* (2*d*) 877 (opinion by Mr. Justice Heher) is applicable to a case of this sort.

The petitioner-appellee having failed to prove by the weight of the evidence that his injuries, under the law, are compensable by the respondent-appellant, judgment should go in favor of the latter.